E-FILED
Friday, 14 October, 2022  02:25:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

|  |  |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DAVID P. GODWIN and ANTHONY G. ROTH, <br><br> Defendants. | 15-CV-01414-MMM-JEH |

**FINAL JUDGMENT AS TO DEFENDANT ANTHONY G. ROTH**

The Securities and Exchange Commission having filed a Complaint and Defendant Anthony G. Roth ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Exchange Act Section 13(b)(5) [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying books, records, or accounts, that an issuer which has a class of securities registered pursuant to section 78l of Title 15 of the United States Code or an issuer which is required to file reports pursuant to section 78o(d) of Title 15 of the United States Code is required to make, keep, devise, or maintain in accordance with Exchange Act Section 13(b)(2) [15 U.S.C. § 78m(b)(2)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by signing any certification, that is required to be made pursuant to Rule 13a-14 of the Exchange Act and included in an issuer's filings, which is false or misleading when made.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, violating Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by falsifying or causing to be falsified any books, records or accounts subject to Exchange Act Section 13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. §

4

240.13b2-2] by, while serving as an officer or director of any issuer, directly or indirectly, making, or causing to be made, a materially false or misleading statement or omitting to state, or causing another person to omit to state, any material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with an audit, review, or examination of an issuer's financial statements required to be made by the Exchange Act or in connection with the preparation or filing of a document or report required to be filed with the Securities and Exchange Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and/or Rules 12b-20, 13a-1, and/or 13a-13 [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer that filed an annual or a quarterly report with the Securities and Exchange Commission that made any untrue statement of material fact or omitted to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and/or 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A)) and 78m(b)(2)(B)] by knowingly or recklessly providing substantial assistance to an issuer that: (a) failed to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the transactions and dispositions of its assets; or (b) failed to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(i)    transactions are executed in accordance with management's general or specific authorization;

(ii)    transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements; and (II) to maintain accountability for assets;

(iii)    access to assets is permitted only in accordance with management's general or specific authorization; and

(iv)    the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,129,043, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $497,213, for a total of $1,626,256, with such total amount of disgorgement plus prejudgment interest deemed fully satisfied by the $3,314,610.53 judgment of restitution entered against Defendant in his criminal case, *United States v. Anthony Roth*, 14-CR-00326 (N.D. Ill.).

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: October 14, 2022

       /s/ Michael M. Mihm
       UNITED STATES DISTRICT JUDGE